ALEX G. TSE (CABN 152348)
Acting United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

ERIN A. CORNELL (CABN 227135)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7124
Facsimile: (415) 436-7234
Erin.Cornell@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. |
|---|---|
| Plaintiff, | ) VERIFIED COMPLAINT FOR FORFEITURE |
| v. | ) |
| APPROXIMATELY $32,900 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

**NATURE OF THE ACTION**

1. This is a judicial forfeiture action, as authorized by 21 U.S.C. § 881(a)(6), involving the seizure of a parcel ("the subject parcel") containing approximately $32,900 in United States currency, which was seized as money furnished or intended to be furnished by a person in exchange for a controlled substance, or money traceable to such an exchange, or money used or intended to be used to facilitate a violation of Subchapter 1, Chapter 13 of Title 21, United States Code.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355(a), and 21 U.S.C. § 881(a)(6).

1

3. This action is timely filed in accordance with 18 U.S.C. § 983(a)(3)(A).

4. Venue is proper pursuant to 28 U.S.C. §§ 1355(b) and 1395, because the defendant currency was seized in the Northern District of California and is currently in the possession of the United States Postal Inspection Service.

5. Intra-district venue is proper in the San Francisco Division within the Northern District of California.

## PARTIES

6. Plaintiff is the United States of America.

7. The defendant is approximately $32,900 in United States currency (the "defendant $32,900" or "defendant currency").

## FACTS

8. On October 25, 2017, the United States Postal Inspection Service ("USPIS") conducted routine parcel profiling activities at the Oakland Processing and Distribution Center in Oakland, California, and identified the subject parcel. The subject parcel was a Priority Express Mail parcel bearing tracking number EL890497804US.

9. The subject parcel was addressed to "Derrick Dogan 3336 North Texas St. Suite J #148 Fairfield, CA. 94533".

10. The return address/sender was "Best Kept Secret LLC. 1923 Hazel St. Shreveport, LA. 71107".

11. During a visual and physical inspection of the subject parcel, United States Postal Inspector Jennifer Rounds ("Inspector Rounds") noticed several indicators that, based on her training and experience, indicated characteristics of parcels containing controlled substances and/or the proceeds of narcotic trafficking.

12. One indicator was that the subject parcel was being sent by Priority Express Mail with a delivery confirmation number, which has a tracking service that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream. Drug traffickers are aware of the fact that Express, Priority, and First Class Mail service provided by the U.S. Postal Service is protected against warrantless inspections. Drug traffickers also know when using Express Mail that

any delay in delivery could be an indication that the mailing may have been compromised by law enforcement.

13. Another indicator was that the subject parcel did not have the telephone numbers of either the sender or addressee listed on the mailing labels, which prevents the sender or recipient from being contacted.

14. Another indicator was that the parcel was mailed to a Commercial Mail Receiving Agency ("CMRA"), which are used by narcotics traffickers as "safe houses" for receipt of narcotics or their proceeds, and to conceal the identity of the recipients, which is an attempt to keep their real names and/or addresses from appearing on their mailings in an effort to avoid detection by law enforcement.

15. Another indicator was that the parcel bore a handwritten label and did not contain a business account number but rather, cash-paid postage of $47.45. Narcotics traffickers will often hand write the labels attached to the mail piece instead of utilizing a pre-printed label, as is customary with more legitimate businesses utilizing Priority Express Mail service.

16. Another indicator was that the "signature required" box was not checked on the label. This would have allowed the parcel to be delivered without the addressee or the addressee's agent having to sign for the parcel, contingent upon the parcel being left in a secure location at the address. This can allow delivery to be tracked without affirmative acceptance by an individual who may be investigated by law enforcement.

17. On October 25, 2017, Inspector Rounds presented the subject parcel for examination to a narcotics detection canine named "Richter".

18. Richter has been trained to react only to ephemeral by-products of narcotics and not to commonly circulated money.

19. When Richter came across the subject parcel, he exhibited a change in behavior, which was consistent with the presence of the odor of a controlled substance that he is trained to recognize.

20. Postal Inspectors learned that 3336 North Texas St, Fairfield, CA 94533 (the recipient address on the subject parcel) was a CMRA. Postal Inspectors obtained a copy of the mailbox rental return application for the address 3336 North Texas Street Suite J #148, Fairfield, CA 94533, which listed the renter as Derrick Dogan Jr. and provided an address of 3700 Lyon Rd. #182, Fairfield, CA

94534.

21. On October 25, 2017, Inspector Rounds, along with officers from the Solano County Sheriff's Office, visited the residence located at 3700 Lyon Rd., #182 in Fairfield, California and knocked on the front door. A male-sounding voice was heard from within the residence asking who was at the door. In response, Inspector Rounds and the Sheriff's deputies identified themselves as law enforcement. No further sounds were heard from the residence. Inspector Rounds and the Sheriff's deputies attempted to communicate with the male-sounding voice again for approximately five minutes with negative results.

22. Later that same day, a Solano County Sheriff's deputy received a phone call from a phone number with a "510" area code. The caller had a male-sounding voice and identified himself as being from Best Kept Secret (the sender of the subject parcel). The caller told the Sheriff's deputy that he sent $30,000 to his cousin in California to start a graphics design company. The caller further explained that he owned a barbershop along with many other businesses and the money was proceeds from those businesses. The Sheriff's deputy asked the caller why he did not send a check, and the caller said that his bank could not cash checks in California and his cousin did not have the same bank so he could not send a check. The Sheriff's deputy advised the caller that any legitimate bank could cash a check from another legitimate bank. The caller said that there was nothing illegal in the parcel, just the currency. The caller would not provide his name to the Sheriff's deputy.

23. On October 26, 2017, the same unidentified male called the Solano County Sheriff's Office twice asking for his money. Based on their investigation, Sheriff's deputies believed that the "510" phone number associated with the unidentified male caller belonged to Kory Moore. The phone number was registered to Kory Moore and his name was associated with the address 1923 Hazel Street in Shreveport, LA (the sender address on the subject parcel).

24. On November 3, 2017, Inspector Rounds obtained and executed a federal search warrant to inspect the subject parcel.

25. Inside the subject parcel, Postal Inspectors found bubble wrap and two bubble mailers. Inside the bubble mailers, Postal Inspectors found one envelope and three unused labels. One of the labels had a "from" address of "Discount Clothing 2763 River Plaza Dr. Sacramento, Ca. 95833", and a

4

"to" address of "Pat Monroe 3637 West Martin Luther King Dr. Shreveport, La. 71107". Postal Inspectors checked law enforcement databases for "Discount Clothing" and learned that the business does not exist at 2763 River Plaza Dr. in Sacramento. That address is an apartment complex.

26. Another one of the labels had a "from" address of "Eastbay Equipment 5100 Belle Dr. Antioch, Ca. 94509", and a "to" address of "Marcus Smart 7410 Weather Top Dr. Shreveport, La. 71107". The Postal Inspectors' investigation revealed that Eastbay Equipment did not exist at 5100 Belle Drive in Antioch. No company was found to be associated with that address.

27. The third label had a "from" address of "Advanced Printing Services 5100 Belle Dr. Antioch, Ca. 94509", and a "to" address of "Marvin Brown 7215 Beaufort Way Shreveport, La. 71129". The Postal Inspectors' investigation revealed that Advanced Printing Services did not exist at 5100 Belle Drive in Antioch. No company was found to be associated with that address.

28. Inside the bubble mailers, Postal Inspectors also found two packages wrapped with newspaper secured with clear packing tape.

29. Upon removal of the clear packing tape and newspaper, Postal Inspectors found multiple rubber banded bundles of currency in various denominations. The currency totaled $32,900, and consisted of 206 $100 bills, four $50 bills, and 605 $20 bills. Drug traffickers often deal with small bills and are known to use low denomination currency to conduct their business.

30. The subject parcel did not contain any notes, receipts, or instructions. Individuals who traffic in controlled substances rarely include any type of instructions with the proceeds. Legitimate businesses that mail out cash or monetary instruments would normally include a note, letter, receipt, card, or a coupon with the parcel.

31. The recipient of the subject parcel, Derrick Dogan, has a significant criminal history that includes multiple arrests and convictions for possession and possession for sale of marijuana and cocaine base, and possession of a controlled substance, including marijuana and cocaine.

32. Kory Moore also has a significant criminal history that includes possession and distribution of controlled substances, including marijuana.

33. On or about January 11, 2018, Kory Moore submitted a claim for the defendant currency in response to the USPIS's administrative forfeiture action. As part of that claim, Kory Moore stated

that he sent the defendant currency to Derrick Dogan to hold for him, because he was coming to California to purchase graphic design equipment and he did not want to carry the defendant currency in his luggage.

34. As part of Kory Moore's claim, he submitted an affidavit signed by seven individuals, including Patrick Marshall. The affiants stated that they each paid Kory Moore $100 per week for booth rental at a salon owned by Kory Moore.

35. The investigation has shown that on February 4, 2016, Patrick Marshall wired $1,590 to Derrick Dogan; on February 5, 2016, Patrick Marshall wired $800 to Derrick Dogan; and on February 10, 2016, Patrick Marshall wired $1,500 to Derrick Dogan. Financial transactions of amounts such as this are indicative of the sender and/or recipient attempting to evade reporting requirements, also known as structuring, which is a federal offense.

36. The investigation has shown that Kory Moore sent money via Western Union to Derrick Dogan on the following dates: December 15, 2014 ($875); October 7, 2016 ($1,000); October 10, 2016 ($1,300); November 23, 2016 ($700); December 21, 2016 ($1,500); January 13, 2017 ($1,000); January 27, 2017 ($900); February 4, 2017 ($1,400); March 24, 2017 ($1,700); and June 26, 2017 ($1,200).

37. The investigation has shown that Kory Moore sent money via Western Union to MR in Concord, California on the following dates: June 17, 2016 ($2,300) and August 8, 2016 ($1,000).

38. MR is married to HR, and the investigation has shown that Kory Moore sent money via Western Union to HR in Concord, California, on the following dates: April 25, 2014 ($1,000); September 26, 2014 ($500); February 17, 2016 ($1,950); May 15, 2016 ($900); May 28, 2016 ($4,050); August 10, 2016 ($600); and October 6, 2016 ($1,000). HR has an extensive criminal history that includes multiple arrests for possessing, transporting, and selling narcotics.

39. The investigation has shown that on May 16, 2014, Kory Moore sent $580 via Western Union to LS in Oakland, California. LS was arrested in 2003 for possession of cocaine base for sale.

40. The investigation has shown that on January 7, 2017, Kory Moore sent $1,200 to DB in San Leandro, California. DB's criminal history includes a January 2017 arrest (shortly after receipt of the money from Kory Moore) for marijuana cultivation and possessing marijuana for sale.

41. The investigation has shown that on May 24, 2017, DF sent $900 from Shrevepot,

1  Louisiana to Kory Moore, who received the money in Shreveport, Louisiana.  DF's criminal history
2  includes four arrests for cultivating and distributing marijuana.
3        42.    The defendant $32,900 was seized as proceeds of narcotics transactions or moneys used
4  in the furtherance of narcotic trafficking under 21 U.S.C. § 881(a)(6).

**CLAIM FOR RELIEF**
**21 U.S.C. § 881(a)(6)**
**(forfeiture of drug proceeds and facilitating property)**

7        43.    The United States incorporates by reference the allegations in paragraphs 1 through 42 as
8  though fully set forth herein.
9        44.    Title 21, United States Code, Section 841(a) prohibits the manufacture, distribution, or
10  dispensing, and possession with the intent to manufacture, distribute, or dispense a controlled substance.
11        45.    Title 21, United States Code, Section 846 prohibits a person from attempting or
12  conspiring to distribute and possess with the intent to distribute a controlled substance.
13        46.    Title 21, United States Code, Section 881(a)(6) provides, in part, for the forfeiture of all
14  moneys, securities or other things of value furnished or intended to be furnished by any person in
15  exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys,
16  negotiable instruments and securities used or intended to be used to facilitate any violation of Title 21,
17  United States Code, Chapter 13, Subchapter I, including violations of Title 21, United States Code,
18  Sections 841(a) and 846.
19        47.    In light of the foregoing, and considering the totality of the circumstances, there is
20  probable cause to believe that the defendant $32,900 United States currency represents moneys
21  furnished or intended to be furnished to another person in exchange for a controlled substance,
22  constitutes proceeds derived from such an exchange, and was used or intended to be used to facilitate an
23  offense, in violation of Title 21, United States Code, Sections 841(a) and 846, and thus subject to
24  forfeiture under Title 21, United States Code, Section 881(a)(6).
25  //
26  //
27  //
28  //

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of defendant $32,900; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; and that judgment of forfeiture be entered; that the Court enter judgment forfeiting defendant $32,900; and that the United States be awarded such other relief as may be proper and just.

Dated: April 12, 2018

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

/s/ Erin Cornell

ERIN A. CORNELL
Assistant United States Attorney

VERIFICATION

I, Jennifer Rounds, state as follows:

1. I am a Postal Inspector with the United States Postal Inspection Service. I am the case agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained in it to be true.

\*      \*      \*      \*      \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of April, 2018, in San Francisco, California.

_____
JENNIFER ROUNDS
Postal Inspector
United States Postal Inspection Service

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Approximately $32,900 in United States Currency |
| **(b)** County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>AUSA ERIN A. CORNELL<br>450 GOLDEN GATE AVE., 9TH FL.<br>SAN FRANCISCO, CA 94102; (415) 436-7124 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC § 881 | [ ] 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury – Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities–Employment | 535 Death Penalty | 462 Naturalization Application | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities–Other | **Other:** | 465 Other Immigration Actions | | |
| | 448 Education | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881

Brief description of cause:
Drug-related forfeiture

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

*(Place an "X" in One Box Only)*  [X] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE  [ ] EUREKA-MCKINLEYVILLE

DATE: 04/12/2018

SIGNATURE OF ATTORNEY OF RECORD: *Erin Cornell*